**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X         05 CV 6065 (NG) (JMA)
**DURSO, et al.,**

                    **Plaintiffs,**

      -against-                                                  **ORDER**

**130-10 FOOD CORP. d/b/a TRADE FAIR**
**SUPERMARKETS,**

                    **Defendant.**
-----------------------------------------------------------------X

**GERSHON, United States District Judge:**

On August 11, 2009, Magistrate Judge Joan M. Azrack filed her Report and Recommendation ("R&R") on the parties' motions for summary judgment. She recommended that defendant's motion be denied and that plaintiffs' motion be granted on liability and denied on damages. Defendant has filed objections to the recommended grant of summary judgment on liability, and I have considered the objections under Rule 72(b) of the Federal Rules of Civil Procedure.

Judge Azrack's well-analyzed and thorough R&R is now adopted in its entirety. The facts upon which the R&R relies are undisputed and amply support her conclusion that the so-called leased employees are employees under ERISA who are protected by the collective bargaining agreement and as to whom defendant is obligated to pay contributions. The defendant's attempt to raise a factual issue as to the nature of the employees by now submitting new affidavits, which could have been presented before Judge Azrack, is rejected. Judge Azrack carefully scrutinized the record in issuing her R&R. Considerations of efficiency and fairness militate in favor of a full evidentiary submission before the magistrate judge, and it is within my discretion to refuse to allow supplementation of the record upon my *de novo* review. *See Hynes v. Squillace*, 143 F.3d 653, 656

(2d Cir. 1998). Proceedings before a magistrate judge are not a trial run, after which litigants should feel free to add "to the record in bits and pieces depending upon the rulings or recommendation they received." *Id.* (quoting *Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994)). In exercising my discretion to deny supplementation of the record, I consider that there is no justification possible, nor is one offered, as to why the information proffered could not have been provided to Judge Azrack. I also consider that the affidavits, in any event, would have no impact on the result, as they are largely either irrelevant, conclusory or otherwise inadequate to sustain an objection to the R&R.

Judge Azrack's rejection of defendant's statute of limitation defense is also thoroughly sound, and defendant offers no authority for rejecting the well-accepted legal premises upon which Judge Azrack's conclusion is based. As Judge Azrack noted, each month of underpayment constitutes the occurrence of a separate actionable injury under ERISA, and the defendant offers no authority for the proposition that plaintiffs were required to foresee a continuing violation or that plaintiffs' failure to assert underpayment claims in prior years bars them from seeking redress for later breaches.

In sum, defendant's motion for summary judgment is denied, and plaintiff's motion for summary judgment on the issue of liability is granted. Since, as Judge Azrack found, there remain some factual issues, which appear to be limited, as to the amount of damages, I respectfully refer the damages issue back to Judge Azrack to determine the most efficient method of resolving those issues and to report further to me.

**SO ORDERED.**


_____/s/_____
**NINA GERSHON
United States District Judge**



Dated: September 23, 2009
      Brooklyn, New York